SLATER MANAGEMENT CORPORATION v NASH

Docket No. 166106. Submitted May 9, 1995, at Detroit. Decided July 7, 1995, at 9:20 A.M.

Slater Management Corporation brought an action in the Oakland Circuit Court against Michael D. Nash and others, seeking specific performance, or damages for breach, of a contract for the sale of realty by Slater Management to Nash. The realty previously had been conveyed by warranty deed to "Richard M. Slater, A Married Man." The contract of sale to Nash had been signed by Richard Slater, as president of Slater Management, but not by his wife. The court, Deborah G. Tyner, J., granted summary disposition for the defendants, ruling that the contract was unenforceable under the statute of frauds because it was not signed by Slater's wife. The plaintiff appealed.

The Court of Appeals *held:*

The statute of frauds, MCL 566.108; MSA 26.908, requires that every contract for the sale of land must be signed by the party by whom the sale is to be made. The requirement applies to the wife of a seller where the wife, as in this case, has a dower interest in the property to be sold.

Affirmed.

FRAUDS, STATUTE OF — CONTRACTS — SALES OF REALTY — WIFE'S SIGNATURE — DOWER INTEREST.

A contract for the sale of realty in which the wife of the seller has a dower interest is unenforceable under the statute of frauds if it is not signed by the seller's wife (MCL 558.1, 566.108; MSA 26.221, 29.908).

*Drolet, Freeman, Preston, Cotton, Sterling & Norris, P.C.* (by *Dawn M. Hogan* and *J. Kingsley Cotton*), for the plaintiff.

*Wood & Wood, P.C.* (by *Paul J. Lay*), for the defendants.

REFERENCES

Am Jur 2d, Dower and Courtesy § 116; Statute of Frauds §§ 364, 365.

See ALR Index under Dower and Courtesy; Frauds, Statute of.

Before: MARKEY, P.J., and MacKENZIE and C. H. STARK,* JJ.

MacKENZIE, J. Plaintiff appeals as of right from an order granting defendants' motion for summary disposition and dismissing its action pursuant to MCR 2.116(C)(7). We affirm.

Plaintiff is a property management corporation. Richard M. Slater is its sole owner and sole director.

Richard Slater is the owner of Lot 3, Block 15 of Assessor's Plat No. 20, commercial real property located on Main Street in Royal Oak. This property was conveyed to "Richard M. Slater, A Married Man" by warranty deed in 1989.

On August 27, 1991, defendant Michael D. Nash, for Royal Oak Equities, offered to purchase the property through realtor Ralph Conselyea. The offer was accepted the same day by Slater, who placed his signature above a notation reading "Richard M. Slater President Slater Mgmt. Corp." The purchase agreement was not signed by Slater's wife. The agreement contemplated the conveyance of marketable title.

In November 1991, defendants opted not to proceed with the transaction. Plaintiff then brought this suit seeking specific performance or money damages, along with consequential damages.

Defendants moved for summary disposition on the basis that the August 27, 1991, purchase agreement was unenforceable under the statute of frauds. The trial court agreed and ordered plaintiff's suit dismissed. We, too, agree.

Because Slater owned an estate of inheritance in the subject property while married, his wife has a dower interest in that property. MCL 558.1; MSA

---

* Circuit judge, sitting on the Court of Appeals by assignment.

26.221. A husband may not bargain away his wife's dower interest. *M & D Robinson Co v Dunitz,* 12 Mich App 5, 12; 162 NW2d 318 (1968).

The statute of frauds, MCL 566.108; MSA 26.908, requires that every contract for the sale of land must be signed by the party "by whom the . . . sale is to be made." In *Berg-Powell Steel Co v Hartman Group,* 89 Mich App 423, 427-428; 280 NW2d 557 (1979), this Court concluded that the statute applies not only to a seller of real estate, but also to the seller's wife with a dower interest. We therefore held that the statute of frauds requires both the seller and his wife with a dower interest to sign a purchase agreement in order to create a valid contract for the sale of land. The *Berg-Powell* Court reasoned:

> The statute [of frauds] was interpreted in *Fields v Korn,* 366 Mich 108; 113 NW2d 860 (1962), to require the signature of *each* holder of an undivided one-half interest in the property being sold. In the absence of the required signatures, the Court in *Fields* ruled that the contract for the sale of the land was void, as a violation of the statute of frauds.
>
> Although in the instant case we are dealing with the dower interest of [the seller]'s wife, MCL 558.1; MSA 26.221, we find this distinction insignificant and conclude that *Fields* controls this situation as well. Since there was no acceptance . . . by [the seller]'s wife of [the buyer]'s offer to purchase the property, no valid contract was ever created. [89 Mich App 427-428. Emphasis in the original.]

*Berg-Powell* is controlling here. Even assuming, but not deciding, that Slater's signature in his corporate capacity was adequate to create a valid contract for the sale of property he held person-

ally, his wife's signature was also required under the statute of frauds because she has a dower interest in the real estate. The absence of her signature made the purchase agreement plaintiff sought to enforce ineffective to convey marketable title. Accordingly, the trial court properly granted summary disposition in favor of defendants.

Affirmed.