# STATE OF MICHIGAN

# COURT OF APPEALS

COMERICA BANK,

Plaintiff-Appellee,

v

CHERYL MANIACI and PRICKLES, L.L.C.,

Defendants-Appellants.

UNPUBLISHED
September 17, 2015

No. 321251
Wayne Circuit Court
LC No. 13-005106-CK

Before: RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

Comerica Bank filed suit against defendants Cheryl Maniaci[1] and her company, Prickles, L.L.C., seeking full repayment of Prickles' business loan, over which Cheryl had issued a personal guaranty. Defendants presented evidence that Comerica had permitted Prickles to make interest-only payments for several months before demanding up-to-date payment on the loan. However, the statute of frauds requires that loan modifications with financial institutions be in writing and be "signed with an authorized signature." As the alleged loan modification was oral, the circuit court properly granted summary disposition in Comerica's favor. We affirm.

## I. BACKGROUND

In 2008, Prickles secured a $277,500 business loan from Comerica. Prickles was required to make monthly payments of $2,356.94, which included interest and principal reduction. Cheryl executed a personal guaranty, promising to cover any payments Prickles was unable to make. The loan matured on October 15, 2013, at which time Prickles would be required to pay off the remaining balance.

In late 2012, "Prickles came upon hard financial times." Prickles did not make its loan payments in October, November, or December that year. Prickles member John Maniaci contacted Comerica representative Mathew Rybinski seeking assistance. Rybinski orally informed the Maniacis that he had spoken to Comerica officers Bruce Carlton and John Ryan

---

[1] Cheryl Maniaci's husband John Maniaci played an integral role in the facts underlying this case. For the sake of convenience, we will refer to the Maniacis by their first names.

and they had agreed that Prickles could make interest-only payments until the Maniacis were able to sell Prickles' commercial property. After the agreement was reached, John contacted Rybinski by email and instructed him to withdraw the interest payments for October, November, and December 2012 from Prickles' Comerica bank account. Comerica employee Angela Cherry contacted John via email with information for the January and February 2013 interest payments. Prickles instructed Comerica to withdraw those interest payments from its bank account as well.

On April 2, 2013, Cheryl contacted Cherry and inquired into the March interest payment amount. Cherry responded that Barbara Utterback would be "respond[ing] to your emails going forward[]." Utterback thereafter refused to accept an interest-only payment for March 2013, and Prickles fell into default.

Comerica filed suit against Prickles for breach of the loan contract and against Cheryl for breach of her personal guaranty, and sought full payment of the loan. Following discovery, Comerica sought summary disposition in its favor. Defendants cited Rybinski's oral promise to accept interest-only payments and the bank's course of accepting five such reduced payments as evidence of loan modification or forbearance barring Comerica's suit. The circuit court considered defendants' evidence but ultimately determined that the bank was entitled to judgment because under MCL 566.132, the loan modification had to be in writing. This appeal followed.

## II. ANALYSIS

We review de novo a circuit court's resolution of a summary disposition motion. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).

> A motion under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh*, 263 Mich App at 621. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183. [*Zaher*, 300 Mich App at 139-140.]

Comerica's claims sounded in breach of contract. Prickles' loan documents required it to repay its debt in monthly installments of $2,356.94 and to pay the balance on October 15, 2013. Cheryl's personal guaranty required her to make payments on Prickles' behalf in the event the company failed to do so. The terms of the parties' contracts are clear and unambiguous and, as a general rule, must be applied strictly as written. *In re Egbert R Smith Trust*, 480 Mich 19, 24; 745 NW2d 754 (2008). Prickles and Cheryl clearly breached their contractual duties. Prickles

had not made a full loan payment since September 2012, and Maniaci never made a payment on Prickles' behalf.

Defendants nevertheless assert that the loan documents were modified when Rybinski orally agreed that Comerica would accept interest-only payments until Prickles could sell its commercial property and through Comerica's course of conduct of accepting interest-only payments for five months. The loan documents and personal guaranty include provisions demanding that loan modifications be in writing. However, our Supreme Court has held that part of the freedom to contract includes the right to waive such restrictive-modification clauses and mutually agree to new contract terms. See *Quality Prods & Concepts Co v Nagel Precision, Inc*, 469 Mich 362, 372-373; 666 NW2d 251 (2003).

Were the common law the only guiding principle in this case, defendants may have successfully created a factual question for the jury. In the case of financial institutions, however, the Legislature has enacted specific statutes placing certain contracts squarely within the statute of frauds. MCL 566.132(2)(b) provides that "[a]n action shall not be brought against a financial institution to enforce" "[a] promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan" "unless the promise or commitment is in writing and signed with an authorized signature by the financial institution." This Court has interpreted the statute to require even defendants to prove the existence of written, properly signed documents when challenging a financial institution's lawsuit. See *Huntington Nat Bank v Daniel J Aronoff Living Trust*, 305 Mich App 496, 508-510; 853 NW2d 481 (2014). Regardless of which party brings a lawsuit, "the party seeking to enforce a promise or commitment must present evidence that the promise or commitment itself was reduced to writing and properly signed." *Id.* at 510-511.

Here, the alleged loan modification reached with Rybinski was oral. Although the parties communicated by email regarding the amount, payment, and acceptance of interest-only payments in January, February, and March 2013, those messages were not "signed with an authorized signature by the financial institution." Moreover, those emails do not contain the terms of any alleged loan modification or any statement that Comerica was forbearing on principal-reduction payments. Rather, the messages include only directions regarding the amount and withdraw of interest payments. As this evidence of a loan modification does not comply with MCL 566.132's statute of frauds, defendants were barred from raising it in defense of Comerica's contract action.[2]

Defendants also assert that Rybinski's oral promise entitles them to raise a promissory estoppel defense to Comerica's claims. In *Crown Tech Park v D&N Bank, FSB*, 242 Mich App 538, 550-551; 619 NW2d 66 (2000), however, this Court definitively held that MCL 566.132(2) is inconsistent with a promissory estoppel claim or defense. Therefore, defendants are barred from relying on promissory estoppel. Absent any valid defense to their breaches of the clear

---

[2] Defendants are also barred from citing the oral loan modification in support of its claim that Comerica was the first to breach the parties' contract by refusing to accept an interest-only payment for March 2013.

requirements of the loan documents and personal guaranty, Prickles and Cheryl could not avoid their responsibilities under the contracts and the circuit court properly granted summary disposition in Comerica's favor.

We affirm.

/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens