# STATE OF MICHIGAN

# COURT OF APPEALS

FOUR STAX, LLC, and ALEXANDER PARKER
IV,

        Plaintiffs-Appellants,

v

DOMINIC CAFANA,

        Defendant-Appellee.

UNPUBLISHED
August 22, 2017

No.  331192
Wayne Circuit Court
LC No. 15-012230-CH

Before: SAAD, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Plaintiffs, Four Stax, LLC, and Alexander Parker IV, appeal as of right the trial court's order that denied their motion for preliminary injunction, denied plaintiff Four Stax's motion for partial summary disposition, granted summary disposition to defendant Dominic Cafana pursuant to MCR 2.116(I)(2), and dismissed plaintiffs' complaint.  We remand for further proceedings consistent with this opinion.

This action arises out of a dispute over an option agreement to purchase real property. Plaintiffs argue that the trial court erred when it dismissed their entire complaint and held that the option agreement and the amendment were "invalid" under the statute of frauds[1] because defendant's wife, Mary Anne Cafana, was not a party to the agreements.

A trial court's decision regarding a motion for summary disposition is reviewed de novo on appeal.  *Johnson v Recca*, 492 Mich 169, 173; 821 NW2d 520 (2012).  Underlying issues regarding the interpretation and applicability of a statute, such as the statute of frauds, are also reviewed de novo.  *Adams Outdoor Advertising, Inc v City of Holland*, 463 Mich 675, 681; 625 NW2d 377 (2001).  This Court reviews a trial court's decision whether to grant specific performance for an abuse of discretion.  *Zurcher v Herveat*, 238 Mich App 267, 300; 605 NW2d

---

[1]  MCL 566.108 provides in pertinent part:  "Every contract for the . . . sale of any lands, or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof be in writing, and signed by the party by whom the . . . sale is to be made, or by some person thereunto by him lawfully authorized in writing[.]"

-1-

329 (1999). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

Because defendant's wife did not sign the option agreement or the amendment, the trial court found that the agreement was void and dismissed plaintiffs' complaint. The trial court essentially reasoned that, because the agreement was void, it could not provide a basis for plaintiffs' claims for specific performance and breach of contract. In reaching its decision, the trial court relied upon this Court's decision in *Berg-Powell Steel Co v The Hartman Group*, 89 Mich App 423, 427-428; 280 NW2d 557 (1979), which held that an agreement for the purchase of real property was not enforceable under the statute of frauds due to the absence of the signature of a party's wife, who in that case retained a dower interest in the property.

When reaching its decision in the instant case, the trial court appears to have omitted a critical step. The trial court found that defendant's wife had dower rights in the subject property and based its rulings upon that determination. However, the trial court failed to make a factual finding regarding how it determined the extent of Mary Anne Cafana's interest in the property. Defendant has consistently asserted that the subject property was acquired during the marriage using marital funds and that his wife had a co-ownership interest in the property rather than a mere dower interest. The distinction in ownership interests has been found to affect this Court's decisions regarding the validity of contracts involving real property with only one spouse's signature.

Under MCL 558.1, "[t]he widow of every deceased person, shall be entitled to dower, or the use during her natural life, of 1/3 part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage, unless she is lawfully barred thereof." While her husband is alive, the wife has only an inchoate dower interest, which becomes vested only upon her husband's death. *Oades v Standard Savings & Loan Ass'n*, 257 Mich 469, 473; 241 NW 262 (1932). The differences between a wife's dower interest and an ownership interest was explained by this Court in *Zaher v Miotke*, 300 Mich App 132, 141-143; 832 NW2d 266 (2013):

> A wife's dower interest is different from an ownership interest in several ways. First, an inchoate dower interest might never ripen into a consummate possessory interest. If a wife dies before her husband, her dower rights die with her. A wife's dower rights are barred if she and her husband divorce before his death. . . . A husband might bequeath an inheritance to his wife in his will and the wife could elect to accept that inheritance in lieu of dower.
>
> Second, even if a wife elects to take her dower interest, a particular piece of her late husband's property might not be affected. A wife has an interest in only one-third of her husband's property. She must file an action or petition the court to assign property to satisfy her dower interest. The court might assign the wife a one-third interest in each of her late husband's properties or it might grant her the use of a selected one-third of the properties.

Third, because a wife possesses only a life estate in her dower properties, her interest has a finite term. The property will not forever be subject to her claims and this cloud on the property's title will eventually and naturally be cleared. (Citations omitted.).

If the trial court determined that Mary Anne Cafana has merely a dower interest in the subject property, then the court abused its discretion in dismissing plaintiffs' complaint because plaintiffs are not precluded from seeking specific performance of the option agreement or damages for breach of contract arising from defendant's failure to complete the sale. In *Slater Mgt Corp v Nash*, 212 Mich App 30, 32-33; 536 NW2d 843 (1995), this Court held that a purchase agreement without the seller's wife's signature could not transfer *marketable* title. But, there was nothing to say that that the purchaser could not take title subject to the seller's wife's inchoate dower interest and, upon the seller's death, his wife would be entitled to a one-third interest in the property. In *Zaher*, 300 Mich App at 141-143, this Court held that, because an inchoate dower interest is merely a potential future limited possessory property interest, the interest can be valued and compensated, and a transfer without a wife's approval can be enforced. Thus, even though the option agreement in this case, which was entered into by defendant without his wife's participation, violated the statute of frauds, the agreement was not void and was enforceable. See *id.* at 151.

However, if instead the trial court had determined that Mary Anne Cafana has a co-ownership interest in the subject property, the option agreement would be void under the statute of frauds because without her signature the agreement would violate the requirement that every contract for the sale of land must be "signed by the party by whom the . . . sale is to be made." MCL 566.108. If the option agreement is void, then dismissal of plaintiffs' complaint would not constitute an abuse of the trial court's discretion because plaintiffs' claims are reliant upon a valid option agreement between the parties.

Accordingly, we remand this matter to the trial court to make a finding, and set forth its reasoning, regarding whether defendant's wife has an inchoate dower right or a co-ownership interest in the subject property. After making this finding, the trial court shall then rule on plaintiffs' motions in accordance with the reasoning set forth in this opinion.

Finally, plaintiffs also argue that the trial court violated their procedural due process rights when it sua sponte dismissed the entire complaint. We disagree. A trial court's grant of summary disposition under MCR 2.116(I) is reviewed de novo. *Kenefick v City of Battle Creek*, 284 Mich App 653, 654; 774 NW2d 925 (2009). This Court also reviews de novo, as a question of law, whether a party has been afforded procedural due process. *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009) (citations omitted).

"The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard." *Id*. Plaintiffs argue that they were denied procedural due process because they were deprived of a meaningful opportunity to be heard when the trial court sua sponte granted summary disposition in defendant's favor under MCR 2.116(I)(2), which provides that "[i]f it appears to the court that the opposing party, rather than the moving party, is entitled to judgment, the court may render judgment in favor of the opposing party."

Plaintiffs assert that defendant's wife's failure to sign or be a party to the agreement was raised for the first time by the trial court in its opinion and order dismissing the complaint.

Plaintiffs' argument lacks merit. In their own pleading, plaintiffs state that, when trying to arrange a closing for the sale of the subject property, defendant "absurdly claimed that his wife owned a ½ [one-half] interest in the Property" and that defendant's "wife demanded $17,000 for her dower interest." Because plaintiffs knew that Mary Anne Cafana had asserted a dower claim, plaintiffs had notice of this potential issue. Plaintiffs' argument that they did not have a meaningful opportunity to respond to this issue is likewise without merit because they could have addressed the claim that defendant's wife's held an interest in the property in any of their multiple pleadings. Furthermore, plaintiffs filed a motion for reconsideration of the trial court's opinion and strongly argued that it was possible for them to purchase the property subject to Mary Anne Cafana's dower interest or alternatively that they could maintain a breach of contract action against defendant for breaching the option to purchase agreement. Accordingly, plaintiffs were not denied procedural due process because they had had notice of the interest asserted by defendant's wife and an opportunity to be heard regarding it.

We remand this matter for the trial court to make a factual finding regarding the ownership interest of defendant's wife and for the court to then make an appropriate ruling on plaintiffs' claims consistent with the reasoning in this opinion. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Deborah A. Servitto
/s/ Michael F. Gadola