*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MELBURN K. CARPENTER,

Plaintiff-Appellant,

v

HUNTINGTON NATIONAL BANK,

Defendant-Appellee.

UNPUBLISHED
May 14, 2019

No. 341641
Kent Circuit Court
LC No. 17-002216-CH

Before: GLEICHER, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

The circuit court determined that the in pro per plaintiff's complaint was too unclear and nonconforming to notify the defendant bank of the claims against it. A fair reading of the complaint reveals a cause of action: conversion. The circuit court abused its discretion by reviewing the complaint too narrowly and striking the pleading, and thereby erred in summarily dismissing this action. We reverse and remand for continued proceedings.

## I. BACKGROUND

Melburn Carpenter owned a mobile home with his wife that they purchased with a secured loan from Huntington National Bank. The Carpenters divorced and the last loan payment was made on October 29, 2004. Carpenter asserted that "Huntington Bank charged off [the loan on] February 24, 2005." Huntington countered that it "filed documents with the Secretary of State to transfer ownership of the Mobile Home in accordance with the loan documents and the Uniform Commercial Code, without taking physical possession." Huntington proffered no evidence below documenting a transfer of ownership from the Carpenters to the bank, either voluntarily or involuntarily. Rather, Huntington claimed that the mobile home association filed suit against it seeking unpaid lot rent and that Huntington in turn transferred ownership of the mobile home to SLP Sales. The bank presented the 2014 deed associated with that transaction in the circuit court.

Carpenter, acting in pro per, filed suit against Huntington in 2017, and subsequently filed an amended complaint as of right. Huntington challenged the adequacy of the amended complaint and the circuit court ordered Carpenter to file a second amendment that more clearly stated his claims and that complied with the court rules. Huntington took issue with Carpenter's second amended pleading and the court ultimately struck that complaint and essentially summarily dismissed the action under MCR 2.116(C)(8) (failure to state a claim upon which relief could be granted). Carpenter appeals.

## II. STANDARDS OF REVIEW

We review for an abuse of discretion a lower court's decision to strike a pleading. *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003). Motions to strike and to correct pleadings are governed by MCR 2.115, which provides:

> (A) Motion for More Definite Statement. If a pleading is so vague or ambiguous that it fails to comply with the requirements of these rules, the opposite party may move for a more definite statement before filing a responsive pleading. The motion must point out the defects complained of and the details desired. If the motion is granted and is not obeyed within l4 days after notice of the order, or within such other time as the court may set, the court may strike the pleading to which the motion was directed or enter an order it deems just.

> (B) Motion To Strike. On motion by a party or on the court's own initiative, the court may strike from a pleading redundant, immaterial, impertinent, scandalous, or indecent matter, or may strike all or part of a pleading not drawn in conformity with these rules.

We review de novo a circuit court's grant of summary disposition. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted. We must accept all well-pleaded allegations as true and construe them in the light most favorable to the nonmoving party. The motion should be granted only if no factual development could possibly justify recovery. [Cleaned up.[1]]

It is important to note that the United States Supreme Court has directed that courts must liberally construe the pleadings filed by parties acting without counsel. "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

---

[1] This opinion uses the new parenthetical (cleaned up) to improve readability without altering the substance of the quotation. The parenthetical indicates that nonsubstantive clutter such as brackets, alterations, internal quotation marks, and unimportant citations have been omitted from the quotation. See Metzler, *Cleaning Up Quotations*, 18 J App Pract & Process 143 (2017).

by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v Gamble*, 429 US 97, 106; 97 S Ct 285; 50 L Ed 251 (1976) (cleaned up).

## III. ANALYSIS

Contrary to the Huntington's arguments, Carpenter's second amended complaint did state a cause of action upon which relief can be granted if proven. The circuit court erred in summarily dismissing the complaint for failure to state a legally cognizable claim and similarly abused its discretion in striking the complaint.

The crux of Carpenter's amended complaint is that Huntington wrote off the debt owed by Carpenter and his ex-wife in February 2005, and yet never foreclosed on the loan. Carpenter retained possession of the mobile home until 2014, when Huntington suddenly transferred ownership of the mobile home. Huntington's 2014 repossession of the mobile home occurred beyond the applicable statute of limitations, Carpenter repeatedly argued throughout his complaint. He also repeatedly contended that Huntington wrongfully converted his property in violation of MCL 600.2919a."[2] Carpenter challenged Huntington's failure to notify him of the 2014 actions and asserted in Count IV that Huntington "did not foreclose on my home and . . . did not send notification of foreclosure."

With only a pinch of leeway given, it is obvious that Carpenter's cause of action sounds in conversion based on Huntington's failure to properly and timely seek foreclosure or repossession of the mobile home. We are confounded by Huntington's and the circuit court's inability to recognize this cause of action. Moreover, we cannot affirm the circuit court's decision to strike the second amended complaint based on a layperson's failure to consistently number the allegations in his handwritten complaint or because his allegations and averments

---

[2] MCL 600.2919a provides:

> (1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:
>
> (a) Another person's stealing or embezzling property or converting property to the other person's own use.
>
> (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.
>
> (2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

were redundant and repetitive. The second amended complaint must be reinstated and the action continued.

We reverse and remand for continued proceedings. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien