*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAVIS PITTS,

        Plaintiff-Appellant,

v

HOLLY BOSTWICK, JOHN DOE, and JANE DOE,

        Defendants,

and

CITIZENS INSURANCE COMPANY OF THE MIDWEST,

        Defendant-Appellee.

UNPUBLISHED
July 20, 2023

No. 361846
Genesee Circuit Court
LC No. 21-115171-NI

Before: GLEICHER, C.J., and JANSEN and HOOD, JJ.

PER CURIAM.

The circuit court summarily dismissed Mavis Pitts's uninsured motorist claim against Citizens Insurance Company because she had not reported her accident to the authorities within 24 hours as required under the plain language of her insurance policy. Pitts conceded that she did not report the accident. This precluded the coverage sought. We affirm.

## I. BACKGROUND

In July 2019, Holly Bostwick rear ended Mavis Pitts while Pitts was stopped at a yield sign. Pitts and Bostwick exchanged identification and insurance information, but did not contact the police to report the accident. Pitts filed a claim for personal injury protection (PIP) benefits with her no-fault insurer, Citizens Insurance Company, to pay for the repairs to her vehicle and her medical costs. Pitts asserted that Bostwick did not explain at the time of the accident what caused her to rear end Pitts's vehicle, nor did she see any other vehicle leave the scene. Bostwick, on the other hand, attested that Pitts remarked, "I can't believe that person drove off."

-1-

In an email dated February 10, 2020, Bostwick's insurance company notified Pitts's attorney: "I have spoken with [Bostwick] and it appears that both your client and my insured were completely stopped when a vehicle struck my insured in the rear pushing her into the rear of your client." With the assistance of the same attorney, Pitts filed suit against Bostwick alone in January 2021, and made no mention of the unknown third vehicle. Shortly after filing her answer to the complaint, Bostwick filed a notice of nonparty at fault. The circuit court subsequently granted Pitts's motion to file an amended complaint, naming John and Jane Doe as defendants and also raising a claim for uninsured motorist (UIM) coverage against Citizens.

In lieu of an answer to the amended complaint, Citizens filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). Citizens provided the UIM Coverage Provision of Pitts's policy. That policy defines an uninsured vehicle, in relevant part, as follows:

> An "auto" involved in a hit-and-run "auto" accident which causes bodily injury to an "insured" by direct physical contact with the "insured" or with an "auto" occupied by the "insured". The identity of the operator of the hit-and-run "auto" must be unknown. The accident must be reported within 24 hours to a police, peace, or judicial officer, to the Commissioner of Motor Vehicles of the State of Michigan or to the equivalent department in . . . the state where the accident occurred. We must be notified of the accident within 30 days of the date of the accident occurred [sic]. If the insured was occupying an "auto" at the time of the accident, we have a right to inspect the "auto"[.]
>
> a. If there is no direct physical contact with the hit-and-run "auto", the facts of the accident must be proved. We will only accept competent evidence other than the testimony of a person making a claim under this or any similar coverage.

Relevant to this appeal, Citizens asserted that Pitts was not entitled to UIM coverage under the policy because no one reported the accident to the authorities.

Pitts retorted that she could not have reported the role of any hit-and-run driver in the accident within 24 hours as she did not know about that driver until months later.

The circuit court granted Citizens' motion, stating:

> So, the relevant language here, this is a contractual matter, not a statutory matter here. And . . . the Court generally likes to have cases heard on their merits, and this may be an exception though that, well, maybe proves my rule, but . . . we have elements here in this language that need to be satisfied in order for the [UIM] coverage to apply.
>
> . . . [W]e have four elements here. We need direct physical contact. We need the identity of the operator of the hit and run auto to be unknown. We need the accident to be reported within 24 hours. And . . . Citizen's [sic] must be notified of the accident within 30 days of the date of the accident. Well, there's at least one element here missing, that the accident must be reported within 24 hours, and that was not done.

-2-

> Now I realize that [Pitts] states that she did not know about the . . . alleged hit and run driver . . . . But it's--the accident was never reported whether it was between Ms. Pitts and a hit and run driver or Ms. Pitts and Ms. Bostwick.

Absent this necessary element under the UIM policy, the court summarily dismissed Pitts's claim against Citizens.

Pitts now appeals.

## II. ANALYSIS

> We review a trial court's decision on a motion for summary disposition de novo. A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted. We must accept all well-pleaded allegations as true and construe them in the light most favorable to the nonmoving party. The motion should be granted only if no factual development could possibly justify recovery.

> A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (quotation marks and citations omitted).]

UIM coverage is not mandatory in Michigan and is governed by the policy language, not the no-fault statute. *Rory v Continental Ins Co*, 473 Mich 457, 465-466; 703 NW2d 23 (2005). We review de novo issues of insurance policy interpretation. *Webb v Progressive Marathon Ins Co*, 335 Mich App 503, 507; 967 NW2d 841 (2021). We must apply an insurance policy in accordance with its plain and unambiguous language. *Citizens Ins Co v Pro-Seal Serv Group, Inc*, 477 Mich 75, 82-83; 730 NW2d 682 (2007).

The UIM provision in the Citizens' policy could not be clearer. For a hit-and-run vehicle involved in an accident to qualify as an "uninsured motor vehicle" under the policy, "The accident must be reported within 24 hours to a police, peace, or judicial officer, to the Commissioner of Motor Vehicles of the State of Michigan or to the equivalent department in . . . the state where the accident occurred." No one reported this accident to the police or other law enforcement officer. Accordingly, the UIM provision was not triggered. The circuit court properly dismissed Pitts's claim for UIM coverage against Citizens.

Pitts contends that she was not aware within the 24-hour window that a third vehicle was involved in the accident. Her performance was excused because it was "objectively impossible to

perform," Pitts asserts. However, the UIM provision does not require the insured to report that a hit-and-run driver was involved in an accident. Rather, it simply requires that the accident be reported. Pitts knew she was involved in a motor vehicle accident and yet did not report it. The failure to report renders the UIM coverage inapplicable.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Noah P. Hood