# STATE OF MICHIGAN

# COURT OF APPEALS

---

KEVIN LOGAN, Individually and on Behalf of
All others Similarly Situated,

        Plaintiffs-Appellants,

v

CHARTER TOWNSHIP OF WEST
BLOOMFIELD,

        Defendant-Appellee.

UNPUBLISHED
January 11, 2018

No. 333452
Oakland Circuit Court
LC No. 2015-149134-CZ

---

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Plaintiffs brought a self-styled class-action suit against West Bloomfield Charter Township, challenging fees levied by the township's building division. Their complaint asserted equitable and legal claims. The circuit court granted partial summary disposition to the township, ruling that plaintiffs could not seek equitable damages when they had an adequate remedy at law, and that a statute underlying one of plaintiffs' legal claims did not authorize an independent cause of action. We granted plaintiffs' application for leave to appeal, and now vacate the circuit court's order.

## I. BACKGROUND

Plaintiffs' putative class action complaint against West Bloomfield Charter Township alleges that the township's building division charged excessive fees, generated a profit, and deposited the extra money in the township general fund "to finance other operations." The class representative[1] asserted that he and others were forced to pay into this illegal municipal enterprise when applying for building permits. Through this system, plaintiffs alleged, the township violated the Stille-DeRossett-Hale single state construction code act (CCA), MCL 125.1501 *et seq.* Plaintiffs alleged that the township also violated the Headlee Amendment, Const 1963, Art 9, § 31,[2] by charging fees that exceeded the reasonable cost of its building

---

[1] Kevin Logan raised individual claims as well.

[2] The Headlee Amendment provides:

-1-

division services as the fees had "the effect of a tax increase that was not authorized by a majority of the electorate . . . ." Plaintiffs ultimately raised four counts in their complaint: (1) statutory violation of the CCA, (2) violation of the Headlee Amendment, (3) unjust enrichment premised on the township's violation of the CCA, and (4) a request for permanent injunctive relief against imposition of the challenged fees.

The circuit court summarily dismissed plaintiffs' complaint in part upon the township's motion. The court dismissed the class plaintiffs' and Logan's individual Headlee Amendment claims arising before September 16, 2014, on statute of limitations grounds pursuant to MCR 2.116(C)(7). Plaintiffs do not challenge this ruling.

The township contended that plaintiffs' claims for unjust enrichment and for violation of the CCA were "derived from the Headlee Amendment Claim" and therefore were also time barred. Plaintiffs retorted that the claims were "distinct causes of action requiring different proofs." The circuit court avoided deciding this issue, ruling instead that "there is no private cause of action for a refund or damages under the CCA" according to the plain language of the act and that "there is no cause of action for unjust enrichment arising out of the Headlee Amendment violation."[3] In relation to the latter, the court ruled that equitable relief was precluded in plaintiffs' Headlee Amendment claim because "there is already a fully [sic], complete, and adequate legal remedy." Accordingly, the court dismissed the CCA and unjust enrichment claims under MCR 2.116(C)(8). Only plaintiffs' request for injunctive relief to prevent future excessive fees remained.

We granted leave to appeal limited to the issue of whether the circuit court erred when it dismissed plaintiffs' unjust enrichment claim premised on the township's alleged violation of the CCA (not the Headlee Amendment as incorrectly posited in the circuit court's opinion) pursuant to MCR 2.116(C)(8). *Logan v Charter Twp of West Bloomfield*, unpublished order of the Court of Appeals, entered November 30, 2016 (Docket No. 333452). Plaintiffs contend that the circuit court erred because: (1) they were permitted to plead alternative and inconsistent causes of action, and (2) the circuit court incorrectly ruled that plaintiffs were precluded from raising a claim of unjust enrichment premised on MCL 125.1522(1) where that statute did not expressly provide a legal remedy for violations of its provisions.

---

Units of Local Government are hereby prohibited from levying any tax not authorized by law or charter when this section is ratified or from increasing the rate of an existing tax above that rate authorized by law or charter when this section is ratified, without the approval of a majority of the qualified electors of that unit of Local Government voting thereon. . . .

[3] Plaintiffs had not sought equitable relief in connection with its Headlee Amendment claim, however, only in relation to their challenge under the CCA.

## II. ANALYSIS

We review a trial court's decision on a motion for summary disposition de novo. A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint on the basis of the pleadings alone to determine if the opposing party has stated a claim for which relief can be granted. We must accept all well-pleaded allegations as true and construe them in the light most favorable to the nonmoving party. The motion should be granted only if no factual development could possibly justify recovery. [*Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013) (quotation marks and citations omitted).]

The Michigan Supreme Court has explained that a court

may grant equitable relief "[w]here a legal remedy is not available[.]" "A remedy at law, in order to preclude a suit in equity, must be complete and ample, and not doubtful and uncertain . . . ." Furthermore, to preclude a suit in equity, a remedy at law, "both in respect to its final relief and its modes of obtaining the relief, must be as effectual as the remedy which equity would confer under the circumstances . . . ." While legislative action that provides an adequate remedy by statute precludes equitable relief, the absence of such action does not. This is so because "[e]very equitable right or interest derives not from a declaration of substantive law, but from the broad and flexible jurisdiction of courts of equity to afford remedial relief, where justice and good conscience so dictate." [*Tkachik v Mandeville*, 487 Mich 38, 45; 790 NW2d 260 (2010) (citations omitted).]

Accordingly, the Legislature may preclude equitable relief by specifically including a legal remedy in a statute or act. Where the Legislature neither includes nor expressly excludes a legal remedy, equitable relief might remain available.

This Court outlined the remedy of unjust enrichment in *AFT Mich v Michigan*, 303 Mich App 651, 677; 846 NW2d 583 (2014), aff'd sub nom *AFT Mich v State of Michigan*, 497 Mich 197 (2015), as follows:

Unjust enrichment is an equitable doctrine. It is the equitable counterpart of a legal claim for breach of contract. Unjust enrichment of a person occurs when he has and retains money or benefits which in justice and equity belong to another. [I]n order to sustain a claim of . . . unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant. [Quotation marks and citations omitted, alterations in original.]

The statute at issue in this case—MCL 125.1522(1)—neither provides a legal remedy nor expressly excludes a plaintiff from seeking recourse:

The legislative body of a governmental subdivision shall establish reasonable fees to be charged by the governmental subdivision for acts and services performed by the enforcing agency or construction board of appeals under this act, which fees shall be intended to bear a reasonable relation to the cost, including overhead, to

the governmental subdivision of the acts and services, including, without limitation, those services and acts as, in case of an enforcing agency, issuance of building permits, examination of plans and specifications, inspection of construction undertaken pursuant to a building permit, and the issuance of certificates of use and occupancy, and, in case of a board of appeals, hearing appeals in accordance with this act. The enforcing agency shall collect the fees established under this subsection. The legislative body of a governmental subdivision shall only use fees generated under this section for the operation of the enforcing agency or the construction board of appeals, or both, and shall not use the fees for any other purpose.

Although the circuit court correctly recognized that the statute did "not expressly allow a private cause of action for recovery of fees collected in violation of its provisions," it failed to take the next, necessary step; the court did not ask whether *any* remedy was available to plaintiffs with regard to their claim that the township had violated MCL 125.1522(1). And plaintiffs did properly state an unjust enrichment claim.

In their complaint, plaintiffs alleged that the township received a benefit from them in the form of payment of the challenged fees. Plaintiffs also alleged that the township was "not authorized by its ordinances or the [CCA] to impose or collect the excessive or otherwise unwarranted charges and fees mandated by its Building Division." When viewing all of the factual allegations raised by plaintiffs in their complaint in the light most favorable to plaintiffs, plaintiffs have stated a claim of unjust enrichment sufficiently to survive a (C)(8) motion and the court erred in dismissing this count.

However, the township alternatively contends that plaintiffs' CCA challenge is duplicative of their Headlee Amendment challenge and that plaintiffs have an adequate legal remedy for that violation. Accordingly, the township asserts, dismissal of plaintiffs' claim for unjust enrichment under the CCA would still be appropriate as time-barred. But the township disregards MCR 2.111(A)(2)(b). The court rule provides, "Inconsistent claims or defenses are not objectionable. A party may . . . state as many separate claims or defenses as the party has, regardless of consistency and whether they are based on legal or equitable grounds or on both." MCR 2.116(C)(8) is not a proper vehicle to dismiss properly raised, although inconsistent, alternative grounds for relief. MCR 2.116(C)(8) only concerns the legal sufficiency of a claim and whether a party has stated a claim on which relief could be granted. *Zaher*, 300 Mich App at 139. The summary disposition rule does not preclude plaintiffs from investigating the factual support for alternative claims in discovery. And the unjust enrichment claim based on the CCA is not fettered by the same short limitations period.

In their CCA claim, plaintiffs assert that the township's building division fees were unreasonable and misappropriated for non-building division purposes in violation of MCL 125.1522(1). In the Headlee Amendment claim, plaintiffs contended that the township's fees were actually an illegal tax. "There is no bright-line test for distinguishing between a valid user fee and a tax that violates the Headlee Amendment." *Jackson Co v City of Jackson*, 302 Mich App 90, 99; 836 NW2d 903 (2013) (quotation marks and citation omitted). "Generally, a 'fee' is 'exchanged for a service rendered or a benefit conferred, and some reasonable relationship exists between the amount of the fee and the value of the service or benefit.' A 'tax,' on the other

hand, is designed to raise revenue." *Bolt v Lansing*, 459 Mich 152, 161; 587 NW2d 264 (1998) (citations omitted). "[T]hree primary criteria" guide a court's determination: (1) "a user fee must serve a regulatory purpose rather than a revenue-raising purpose," (2) "user fees must be proportionate to the necessary costs of the service," and (3) a fee is voluntary. *Id*. at 161-162. While the factual considerations are similar and interrelated, plaintiffs were not required to exclusively allege one claim over the other. Moreover, given that there is no "bright-line test" for a Headlee Amendment claim, it is entirely possible that plaintiffs' Headlee Amendment claim might fail, leaving them without an adequate legal remedy absent their unjust enrichment claim. Therefore, it was appropriate for plaintiffs to raise both claims in their complaint.

We vacate the summary disposition judgment in relation to plaintiffs' unjust enrichment claim and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Deborah A. Servitto
/s/ Elizabeth L. Gleicher