# STATE OF MICHIGAN

# COURT OF APPEALS

LEWIS COLLEGE OF BUSINESS,

        Plaintiff-Appellee,

v

ANTHONY T. HARBIN, doing business as
CONSULTING ACQUISITION SERVICES,

        Defendant-Appellant.

UNPUBLISHED
July 17, 2018

No. 337194
Wayne Circuit Court
LC No. 16-006182-CH

Before: RONAYNE KRAUSE, P.J., and GLEICHER and LETICA, JJ.

PER CURIAM.

The circuit court summarily dismissed this contract action in Lewis College of Business's favor, ruling that by including his d/b/a—Consulting Acquisition Services—in his signature, broker Anthony Harbin committed his defunct corporation—Consulting Acquisition Services, Inc.—to a listing agreement, and thereby rendered the contract void. The contract plainly indicates, however, that it was entered between the college and Harbin as an individual. We reverse and remand for entry of summary disposition in Harbin's favor.

## I. FACTUAL BACKGROUND

Lewis College of Business (LCB) hired Anthony Harbin to sell a parcel of real property. The first paragraph of the July 2015 listing agreement identifies the "broker" as "Anthony T. Harbin, a Real Estate Co." Before affixing his signature at the close of the document, Harbin inserted the following underlined language:

For Broker:

By: Consulting Acquisition Services

Anthony T. Harbin

    its: Real Estate Broker

The signature block is the only place "Consulting Acquisition Services" is mentioned in the agreement. It is undisputed that Consulting Acquisition Services, *Inc.* is a Michigan corporation formed by Harbin in 1998. It is also undisputed that Consulting Acquisition Services, Inc. was

-1-

automatically dissolved in 2001 (and never reinstated), for failure to file required annual reports and to pay associated fees. In March 2016, however, Harbin obtained a certificate of assumed name to do business as "Consulting Acquisition Services" without corporate designation.

On January 5, 2016, Harbin filed a "claim of commercial real estate broker's lien" against the subject property. LCB subsequently filed suit, asserting that the listing agreement was void because it was entered between LCB and the defunct Consulting Acquisition Services, Inc., and that the lien constituted a slander of title. LCB asked the circuit court to rule that the contract and lien were void and enter an order quieting title in its favor.[1]

LCB and Harbin both moved for summary disposition. Harbin asserted that LCB had no basis to void the contract (and in turn, the lien) because (1) Harbin had a certificate of assumed name enabling him to transact business as "Consulting Acquisition Services," (2) Harbin has a real-estate broker's license in his individual capacity and therefore could enter into and perform the contract on his own behalf, and (3) even if the dissolved corporation was party to the agreement, the "de facto corporation" doctrine excuses any defects in the corporation's existence and makes the contract valid.

LCB, on the other hand, relied on the presence of the "Consulting Acquisition Services" name on the signature page of the contract to assert that Harbin's defunct corporation was the "broker" party to the agreement. LCB contended that as dissolved corporations cannot transact business, the contract was void. LCB also asserted that since Harbin failed to respond to requests for admissions under MCR 2.312, he was deemed to have admitted that his lien was filed on behalf of Consulting Acquisition Services, Inc. But the lien itself (which LCB attached to its complaint) does not contain any name other than Harbin's.[2] LCB did not include any lien purportedly filed on the corporation's behalf.

At the hearing on the cross motions, Harbin stressed that the first paragraph of the listing agreement identifies the broker party as Harbin individually, and not his corporation. The court admitted that this fact "slipped by me" and acknowledged it as "problematic." The court mistakenly concluded that Harbin had admitted in the request for admissions that he had signed the agreement on the corporation's behalf. The court also concluded that the presence of the words "Consulting Acquisitions Services" at the end of the contract—without the use of the statutory required "Inc." corporate designation—meant that "Consulting Acquisition Services, Inc." was the intended party to the contract. The court opined that Harbin was abusing the corporate form "in case something happens."

---

[1] Though LCB asserted in its summary disposition motion and on appeal that Harbin's performance of the contract was deficient, it made no such allegation in its complaint and submitted no evidence of Harbin's allegedly poor performance.

[2] Significantly, LCB's requests for admission do not ask Harbin to admit that the intended broker party to the listing agreement was the corporation as opposed to Harbin individually.

Well, we can't have it both ways. You can't hedge your bets. On the one hand, you're operating as a business; and on the other hand, you want the benefit of the corporate for[m] to shield yourself of liability. But at the same time, you're operating as an individual just in case something happens, and you can collect whatever fees you would want in your individual capacity.

Even though LCB had presented no evidence that Harbin had any improper purpose in using his business name, the court granted summary disposition in LCB's favor. Harbin now appeals.

## II. STANDARD OF REVIEW

We review "de novo a trial court's decision regarding a motion for summary disposition." *Ensink v Mecosta Co Gen Hosp*, 262 Mich App 518, 523; 687 NW2d 143 (2004).

> A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (quotation marks and citations omitted).]

We also review de novo a trial court's interpretation of a contract and its determination whether the contractual terms are ambiguous. *Holland v Trinity Health Care Corp*, 287 Mich App 524, 526; 791 NW2d 724 (2010).

## III. ANALYSIS

At its core, this case is simply a dispute over the interpretation of the listing agreement's language—specifically, its identification of the parties to the agreement. "We examine written contractual language, and give the words their plain and ordinary meanings." *Id.* at 527. Significantly, the circuit court explicitly admitted overlooking the most important contractual words in this case: the ones identifying Anthony Harbin—in his individual capacity—as the broker party in this case. Nowhere in the paragraph devoted to identifying the parties to the contract does the name "Consulting Acquisition Services, *Inc.*" (or even "Consulting Acquisition Services") appear. The plain and ordinary meaning of the contract's language stating that the listing agreement is "by and between" Anthony T. Harbin and LCB is just that: an unambiguous agreement by and between LCB and Harbin, in his individual capacity.

Though LCB makes much of the fact that the words "a Real Estate Co." follows Harbin's name in the first paragraph, its complaint is without merit. LCB asserts that MCL 450.1211 provides that "use of the word company indicates the existence of a corporation." MCL 450.1211 does not "indicate" any such thing. Instead, it provides that if one wishes to form a corporation, the name of the corporation must include one of several words, including

"company." It does not restrict or otherwise state that *only* a corporation can use this word to describe itself. *Black's Law Dictionary* (10th ed), for example, defines "company" as "[a] corporation, partnership, association, joint-stock company, trust, fund, or organized group of persons, *whether incorporated or not*." (Emphasis added.)

In fact, MCL 450.1211 *undermines* LCB's assertion that the inclusion of Consulting Acquisition Services on the signature page somehow means that the contract is between LCB and Harbin's defunct corporation. As required under MCL 450.1211, Harbin included the designation "Inc." when naming his now-defunct corporation at formation. But on the listing agreement, Harbin wrote "Consulting Acquisition Services" *without* the word "Inc." This establishes that Harbin did not intend to act on the corporation's behalf, but rather on his own behalf, "doing business as" a sole proprietor using the assumed name of "Consulting Acquisition Services." The fact that Harbin has in fact obtained a certificate allowing him to conduct business as an individual using that name supports this conclusion.

In any event, the plain language of the listing agreement indicates that Harbin, and not his dissolved corporation, was party to the listing agreement. As such, the circuit court incorrectly ruled that the dissolved corporation was the proper party, and thus incorrectly ruled that the contract was void. Given that LCB's entire complaint was premised on the incorrect notion that the listing agreement was void because it was between LCB and a dissolved corporation, the court wrongly granted its motion for summary disposition. Because the listing agreement plainly identified Harbin individually as the broker party, LCB's claims failed as a matter of law and the court should have dismissed the action in Harbin's favor. Given this resolution, we need not address the remaining issues raised by the parties.

We reverse and remand for entry of an order granting Harbin summary disposition. We do not retain jurisdiction. Harbin, as the prevailing party, may tax costs pursuant to MCR 7.219.


/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Anica Letica

-4-