*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FRANKLIN HARRIS,

Plaintiff-Appellant,

v

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY,

Defendant-Appellee.

UNPUBLISHED
January 16, 2020

No. 345593
Wayne Circuit Court
LC No. 17-012384-NI

Before: RIORDAN, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

In this action seeking recovery of no-fault personal injury protection (PIP) benefits through the Michigan Assigned Claims Plan (MACP), plaintiff appeals as of right the trial court's order granting summary disposition to defendant, the Michigan Automobile Insurance Placement Facility (MAIPF). We reverse and remand for further proceedings.

## I. BACKGROUND

Plaintiff was injured in an automobile accident on April 21, 2017. On July 5, 2017, plaintiff submitted a claim for PIP benefits to the MAIPF on a five-page MACP application form. However, plaintiff failed to complete several sections of the form and the MAIPF promptly notified plaintiff that it was unable to complete its "initial eligibility determination." The MAIPF requested additional information, including the name and address of the vehicle owner or registrant, the name of the driver, and the names and addresses of any other occupants of the vehicle. Defendant also requested that plaintiff submit proof of loss, such as a police or EMS report, and requested that plaintiff contact counsel for the MAIPF to schedule an examination under oath (EUO). In subsequent letters, the MAIPF repeated the request that plaintiff's counsel schedule an EUO for plaintiff.

In lieu of responding to these letters, on August 18, 2017, plaintiff filed this action in circuit court. Plaintiff alleged that he was a passenger in a motor vehicle involved in an accident, that he suffered injuries including shoulder, back, and neck injuries, that he neither owned an insured motor vehicle nor resided with anyone who owned an insured motor vehicle, and that he

-1-

had incurred expenses for care, recovery, or rehabilitation, lost wages, replacement services, and attendant care. Plaintiff further alleged that he had submitted an application for PIP benefits, that reasonable proof for payment of benefits has been provided or would be provided, and that the MAIPF had unreasonably refused or delayed paying benefits to plaintiff. In its answer, the MAIPF acknowledged that it had received an incomplete application for benefits, but denied liability for damages to plaintiff, denied plaintiff's eligibility for benefits, denied that plaintiff had submitted reasonable proof sufficient for payment of benefits, and denied that it unreasonably refused or delayed payment of benefits to plaintiff.

The MAIPF filed a motion for summary disposition pursuant to MCR 2.116(C)(10), alleging that plaintiff's application for benefits was incomplete, that plaintiff had failed to submit any proof of loss as required by the MACP, and that plaintiff had failed to appear for his EUO. The MAIPF argued that the no-fault act requires a claimant to follow the procedures of the MACP, which in turn requires a claimant to "reasonably cooperate" in an investigation of a claim, and that because plaintiff failed to cooperate in its investigation, dismissal was proper under MCL 500.3171 and § 5(B)(2) of the MACP. The MAIPF later filed a second motion for summary disposition, seeking dismissal of plaintiff's complaint pursuant to MCR 2.116(C)(8) because the complaint requested a monetary judgment against the MAIPF, but that the MAIPF could not be liable for PIP benefits because it is a statutorily-created organization whose only function is to review and assign claims to insurers who are then responsible for payment of benefits under the no-fault act.

Plaintiff argued that he had cooperated fully with the MAIPF because the MAIPF had taken his deposition and he had provided two amended applications for PIP benefits, a copy of a police report, and medical records. Thus, plaintiff argued, summary disposition was not warranted under MCR 2.116(C)(10). In response to defendant's motion under MCR 2.116(C)(8), plaintiff did not contest that the MAIPF cannot be sued for monetary damages, but requested that the court allow him to amend his complaint to request an order compelling the MAIPF to assign his claim to an insurer pursuant to the MACP. Plaintiff filed a motion seeking immediate assignment of his claim to an insurer under the MACP and a motion for leave to file an amended complaint. The MAIPF filed a motion seeking dismissal of plaintiff's complaint on the grounds that plaintiff had failed to appear for a scheduled independent medical examination.

The trial court granted plaintiff's motion to amend his complaint and concluded that the proposed amended complaint cured the deficiencies in the original complaint. Therefore, the trial court denied defendant's motion for summary disposition under MCR 2.116(C)(8). Addressing defendant's motion for summary disposition under MCR 2.116(C)(10), the court described plaintiff's original application for benefits as "woefully inadequate," observed that plaintiff offered no explanation for his failure to respond to defendant's first request for additional information or an EUO, and held that the amended applications and supporting documents did not alleviate these defects because they were not submitted until May 2018. The court then held that "plaintiff's conduct simply cannot be characterized as reasonable cooperation [for] purposes of MCL 500.3171 and MACP 5.1(B), even when the evidence is viewed in the light most favorable to plaintiff." Thus, the court granted defendant's motion for summary disposition under MCR 2.116(C)(10) and dismissed plaintiff's complaint. The court concluded that its ruling rendered the remaining motions moot.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). A motion brought under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 205-206; 815 NW2d 412 (2012). A reviewing court must consider the pleadings, admissions, and other evidence in the light most favorable to the nonmoving party. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A genuine issue of material fact exists where the record reveals open an issue upon which reasonable minds might differ. *Id.*

Questions of statutory interpretation are also reviewed de novo. *Bush v Shabahang*, 484 Mich 156, 164; 772 NW2d 272 (2009). The primary goal of statutory interpretation is to discern the intent of the Legislature; the first step is to examine the language of the statute itself. *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). If the statutory language is plain and unambiguous, a reviewing court will apply the statute as written. *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 438-439; 716 NW2d 247 (2006).

## III. ANALYSIS

Under the no-fault act, the MAIPF is tasked with making "an initial determination of a claimant's eligibility for benefits under the assigned claims plan and shall deny an obviously ineligible claim." MCL 500.3173a(1), as amended by 2012 PA 204. At the time plaintiff filed his initial application for benefits and complaint in the circuit court, the no-fault act provided that "[a] person entitled to claim because of accidental bodily injury arising out of the ownership, operation, or use of a motor vehicle in this state may obtain personal protection insurance benefits through the assigned claims plan if no personal protection insurance is applicable to the injury, [or] no personal protection insurance applicable to the injury can be identified. . . ." MCL 500.3172, as amended by 2012 PA 204. The act further provided that "[a] person claiming through the assigned claims plan shall notify the [MAIPF] of his or her claim within the time that would have been allowed for filing an action for [PIP] benefits if identifiable coverage applicable to the claim had been in effect." MCL 500.3174, as amended 2012 PA 204.

Plaintiff's initial application complied with the minimum requirements as listed in MCL 500.3145(1). It included the name and address of the claimant, the time and place of the accident, and nature of his injuries, and stated that there was no automobile insurance in effect on the vehicle and that plaintiff was unsure if any other occupant of the vehicle had automobile insurance at the time of the accident. *Perkovic v Zurich American Ins Co*, 500 Mich 44, 52; 893 NW2d 322 (2017).

The trial court granted summary disposition for defendant because plaintiff's conduct "simply cannot be characterized as reasonable cooperation [for] purposes of MCL 500.3171 and MACP 5.1(B), even when the evidence is viewed in the light most favorable to plaintiff." However, plaintiff's failure to comply with MACP 5.1(B) was not a proper reason to grant summary disposition because "the authority to adopt a plan does not grant the authority to

establish rules governing the processing, timing and review of claims under the MACP; those requirements are enumerated by statute." *Spectrum Health Hosps v Mich Assigned Claims Plan*, ___ Mich App ___; ___ NW2d ___ (2019) (Docket No. 343563). At the time of plaintiff's injury, application for benefits, and complaint in this case, the no-fault act required the MAIPF to make an "initial determination of a claimant's eligibility for benefits" and authorized the MAIPF to deny "an obviously ineligible claim." MCL 500.3173a(1), as amended by 2012 PA 204. No provision of the no-fault act authorized the MAIPF to require a claimant to submit to an EUO. Similarly, no provision of the no-fault act authorized the MAIPF to deny a claim due to the claimant's failure to cooperate. Therefore, the trial court erred by granting defendant's motion for summary disposition on this basis.

However, plaintiff is not entitled to entry of judgment of judgment in his favor. In the trial court, defendant opposed plaintiff's motion for assignment of his claim to an insurance carrier by arguing that plaintiff's claim was not eligible for assignment to an insurance carrier because plaintiff's application for benefits contained false information regarding his prior medical history and prior accidents. Defendant also noted discrepancies between the application and the police report and discrepancies between plaintiff's original application for benefits, his deposition testimony, and his medical history. Defendant argued that plaintiff's materially false statements constituted a fraudulent insurance act, which rendered his claim ineligible for payment pursuant to MCL 500.3173a(2). Defendant raises these discrepancies and alleged misrepresentations in its brief on appeal, and asserts that even if this matter is remanded to the trial court, there are significant issues to be addressed before plaintiff's claim can be assigned to a servicing insurer.

Because the question whether plaintiff's application for PIP benefits qualifies as a fraudulent insurance act was not the basis for defendant's motion and was presented to the court only as a response to plaintiff's motion for immediate assignment of the claim to an insurer, the trial court never reached the issue. It determined that its decision granting summary disposition pursuant to MCR 2.116(C)(10) for failure to reasonably cooperate "render[s] moot all the other motions in the matter." Because the issue was not decided by the trial court and it involves factual allegations that require further development, it is not appropriate for us to address or decide this issue. *Mouzon v Achievable Visions*, 308 Mich App 415, 419; 864 NW2d 606 (2014); *Smith v Foerster–Bolser Constr, Inc*, 269 Mich App 424, 427; 711 NW2d 421 (2006) (recognizing that appellate consideration of an unpreserved issue is appropriate if an issue involves a question of law and the facts necessary for its resolution have been presented). Accordingly, we remand for further proceedings. On remand, defendant is free to seek dismissal on this basis in an appropriate motion.[1]

---

[1] We note that the issue presented in this case and decided in *Spectrum Health* has limited importance following recent amendments of the no-fault act pursuant to 2019 PA 21, effective June 11, 2019. Although the amendments are not applicable to this appeal, they significantly broaden the authority of the MAIPF. For example, § 3172(3), as amended, now explicitly requires submission of a completed application on a form prescribed by the MAIPF. In addition, the no-fault act no longer limits the MAIPF to denial of a claim that is "obviously" ineligible.

## IV. CONCLUSION

We reverse the trial court's order granting defendant's motion for summary disposition and remand this case for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ David H. Sawyer
/s/ Kathleen Jansen

---

Rather, as amended, the MAIPF is required to review a claim to "make an initial determination of the eligibility for benefits under this chapter and the assigned claims plan" and it has authority to deny a claim that it "determines is ineligible under this chapter or the assigned claims plan." MCL 500.3173a(1). Moreover, the no-fault act now explicitly requires a claimant cooperate with the MAIPF in its determination of eligibility for benefits, which cooperation may include submission to an EUO. MCL 500.3173a(2).