*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

5 STAR COMFORT CARE, LLC,

        Plaintiff-Appellant,

v

GEICO INDEMNITY COMPANY,

        Defendant-Appellee.

UNPUBLISHED
May 19, 2022

No. 356786
Washtenaw Circuit Court
LC No. 19-001281-NF

Before: MURRAY, P.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

In this first-party action under the no-fault act, MCL 500.3101 *et seq*., plaintiff, 5 Star Comfort Care, LLC, appeals as of right the trial court's order granting partial summary disposition in favor of defendant, Geico Indemnity Company. Because summary disposition was warranted, we affirm.

## I. BASIC FACTS

In 2018, Shakeim Higgins was injured in a motor vehicle crash. His treating physician prescribed him in-home attendant care services. He contacted 5 Star, a self-described "attendant care company." 5 Star hired Higgins's girlfriend as an independent contractor to provide attendant care to Higgins. Higgins's girlfriend was provided with one-time training on how to fill out forms to document the care she provided. She also may have received one-time training on how to care for the injury to Higgins's leg. 5 Star paid her at a rate of $10 per hour. Higgins assigned his right to payment for personal injury protection (PIP) benefits to 5 Star. In the assignment, he certified that he had "incurred charges for services provided by" 5 Star. He later "re-certified" his assignment of rights. Although 5 Star only paid Higgins's girlfriend $10 per hour for the services she rendered, it billed Geico $39.99 per hour.

Relevant to the issue raised on appeal, 5 Star billed Geico a total of $94,696.32, but Geico only partially paid the bill. Thereafter, in November 2019, 5 Star filed a complaint for unpaid PIP benefits. In November 2020, after discovery, Geico moved for partial summary disposition under MCR 2.116(C)(10), arguing that the only expense "incurred" under MCL 500.3107(1)(a) was the

$10 per hour charge attributable to Higgins's girlfriend. After oral argument, the trial court entered an order dismissing the case. This appeal follows.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

5 Star argues that the trial court erred by concluding the charges in excess of the $10 paid to Higgins's girlfriend were not charges incurred under MCL 500.3107(1)(a). We review de novo a trial court's decision on a motion for summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering*, *Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). Summary disposition under MCR 2.116(C)(10) is warranted if "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013) (quotations marks and citations omitted). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Id*. (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. at 139-140 (quotation marks and citation omitted).

### B. ANALYSIS

A PIP insurance "provider is liable under the no-fault act 'to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter.' " *Douglas v Allstate Ins Co*, 492 Mich 241, 257; 821 NW2d 472 (2012), quoting MCL 500.3105(1).[1] Relevant to this case, PIP benefits payable are those for "[a]llowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). An expense is an "allowable expense" for purposes of obtaining PIP benefits if (1) the expense is "for an injured person's care, recovery, or rehabilitation," (2) the expense is "reasonably necessary," (3) the expense is a charge incurred, and (4) the charge incurred is reasonable. *Douglas*, 492 Mich at 259.

In its motion for summary disposition, Geico asserted that the changes in excess of the $10 per hour paid to Higgins's girlfriend were not charges "incurred" under MCL 500.3107(1)(a). As explained by our Supreme Court, to "incur" means to "become liable or subject to, especially because of one's own actions." *Douglas*, 492 Mich at 267 (quotation marks, citation, and alteration omitted). In turn, a "charge" is a "pecuniary burden, cost or a price required or demanded for service rendered or good supplied." *Id*. (quotation marks, citation, and alteration omitted). "[T]he

---

[1] Although our Legislature substantially amended the no-fault act, see 2019 PA 21, effective June 11, 2019, this case "was commenced before the amendment and, therefore, is controlled by the former provisions of the no-fault act." See *George v Allstate Ins Co*, 329 Mich App 448, 451 n 3; 942 NW2d 628 (2019). All references to the no-fault act are to the version in effect at the time this action was commenced.

statutory requirement that 'charges' be 'incurred' requires some degree of liability that exists as a result of the insured's actually having received the underlying goods or services." *Id*. "The fact that charges have been incurred can be shown by various means, including a contract for products and services or a paid bill." *Id*. at 268 (quotation marks and citation omitted).

Here, 5 Star purports to be able to show that the charge of $39.99 per hour was incurred by Higgins by directing this Court to Higgins's assignment of rights. The assignment of rights provides:

> [Higgins] hereby certifies that [he] has incurred charges for services provided by [5 Star] for which the rights, privileges and remedies for payment are hereby assigned.

5 Start interprets this language as a contractual agreement by Higgins to pay for attendant-care services provided by 5 Star at the rate of $39.99 per hour. Yet, the assignment of rights is not a contract for attendant-care services. Instead, it is a mere certification that Higgins incurred some unspecified charges for some unidentified services provided by 5 Star. Nothing in the language in the assignment requires Higgins to do anything—such as pay 5 Star for attendant-care services at the rate of $39.99 per hour—nor is there language requiring 5 Star to do anything, such as provide attendant-care services. Instead, plainly read, the assignment of rights is a contract between Higgins and 5 Star in which Higgins has assigned his right to PIP benefits to 5 Star in exchange for 5 Star handling the collection of the benefits due to him under the no-fault act. It is not a contract for the provision of services.

As a result, viewing the lower court record in the light most favorable to 5 Star, it is apparent that a contract existed for 5 Star's provision of attendant-care services to Higgins. However, 5 Star did not present evidence that, under the language of that contract, Higgins incurred, i.e., was liable, to it for a $39.99 per hour charge. Instead, it relied only on the assignment of rights, which, as explained above, does not support a finding that Higgins is liable to 5 Star for the $39.99 per hour attendant-care charge that 5 Star billed to Geico. A certification that a charge exists is not the equivalent of a contract to be liable for that charge. By not presenting such evidence, 5 Star left unrebutted Geico's evidence that only a $10 per hour charge was incurred. Summary disposition was, therefore, warranted under MCR 2.116(C)(10).

Affirmed. Geico may tax costs as the prevailing party. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Michael J. Kelly