*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAXINE MOSELEY BROWN,

      Plaintiff-Appellant,

v

HIGHLINE INVESTMENT, LLC, and ENCORE
THEATER PARTNERS, LLC, doing business as
RIVIERA MOVIE THEATRE,

      Defendants-Appellees,

and

MEADVILLE CINEMA, EMAGINE
ENTERTAINMENT, INC., RIVERA CINEMA,
JOHN DOE, JANE DOE, and JOHN DOE
CORPORATIONS,

      Defendants.

UNPUBLISHED
September 29, 2022

No. 358460
Oakland Circuit Court
LC No. 2020-180178-NI

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

PER CURIAM.

Maxine Moseley Brown fell on a step in a dark movie theater and filed a negligence and premises liability action against the theater owners. The circuit court summarily dismissed Brown's suit, concluding that the dangerous condition was open and obvious. We affirm, but for a far more basic reason. A central element of every negligence claim is negligence: that a defendant breached a standard of care. Brown presented no evidence of negligence.

## I. BACKGROUND

On the day of her fall, Brown visited the Riviera Movie Theater with her family. They arrived late, but found their seats in the darkened theater without difficulty. Brown's son used the flashlight function on his cell phone to illuminate the steps for Brown. At some point Brown left

-1-

the theater to use the restroom. When she exited the theater, the scene on the screen was bright and illuminated Brown's way. When Brown returned, the scene was darker and Brown had difficulty locating the stairs. Brown felt around with her foot for the step at the end of her aisle. However, she missed the step and fell over it. After the fall, Brown's son and an usher assisted her to the lobby. Brown and her witnesses testified that there were no lights on the walls or stairway inside the theater. As defendants' summary disposition motion was filed under MCR 2.116(C)(10), we must accept those descriptions as true, although the defense witnesses testified that there were light strips on the stairs.

As noted, Brown filed suit against various entities involved in the ownership and management of the theater. She raised claims of negligence and premises liability. Defendants sought summary disposition under MCR 2.116(C)(10), contending that Brown failed to create a genuine issue of material fact that the step in the darkened movie theater was either dangerous or defective. The circuit court granted summary disposition, determining that the condition was open and obvious. The court noted that Brown was admittedly aware of the step and should have taken greater care to avoid her fall. Brown appealed this ruling.

## II. ANALYSIS

We review de novo a lower court's resolution of a summary disposition motion. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). "A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim" and should be granted when after reviewing "the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party," there remains "no genuine issue regarding any material fact" that could be sent to trial "and the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citations omitted).

In a premises liability case, "a plaintiff must prove the traditional elements of negligence: (1) that defendant owed the plaintiff a duty, (2) that defendant breached that duty, (3) that the breach was a proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Hill v Sears, Roebuck & Co*, 492 Mich 651, 660; 822 NW2d 190 (2012). Focusing on the duty and breach components, the common law requires that a business landowner "make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000). Alternatively stated, "a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001).

Brown has failed to identify any negligence committed by defendants. This accident occurred inside a movie theater while a movie was playing. The Riviera Movie Theater is designed as most other modern movie theaters, with stairs leading to aisles of seats rising ever higher in the amphitheater. Brown was aware of the staircase and had exercised caution upon her first entry and exit. That defendants permitted a stair to exist in this theater was not negligence.

Nor was the darkness a dangerous condition, or evidence of negligence. Movie theaters turn off the lights to ensure optimal viewing of the movie on the screen. This is a common place

occurrence and a fact that everyone knows; it is a quintessential element of the moviegoing experience.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Sima G. Patel