*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MEDICAL TEAM, INC.,

    Plaintiff-Appellee,

UNPUBLISHED
November 22, 2022

v

No. 345449
Washtenaw Circuit Court
LC No. 17-000394-NF

AUTO-OWNERS INSURANCE COMPANY,

    Defendant-Appellant.

ON REMAND

Before: BORRELLO, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

This case, involving a claim for personal protection insurance (PIP) benefits under the no-fault insurance act, MCL 500.3101 *et seq.*, returns to this Court on remand from our Supreme Court. In our prior opinion, we reversed the trial court's order denying Auto-Owners' motion for summary disposition, and we held that plaintiff The Medical Team, Inc.'s (Provider) claim seeking reimbursement for attendant care services provided to the injured insured was barred by res judicata. *Medical Team, Inc v Auto-Owners Insurance Co*, unpublished per curiam opinion of the Court of Appeals, issued February 25, 2020 (Docket No. 345449), pp 1, 7-8. Our Supreme Court subsequently vacated this Court's judgment and remanded for reconsideration in light of *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, ___ Mich ___; ___ NW2d ___ (2022) (Docket Nos. 161628 and 161650), which our Supreme Court decided on June 10, 2022. For the reasons set forth in this opinion, we now affirm.

## I. BACKGROUND

We provided a detailed recitation of the factual and procedural background of this case in or prior opinion. For purposes of this opinion, we now provide a brief summary of the pertinent facts.

In May 2017, Provider filed a complaint against Auto-Owners in the Washtenaw Circuit Court seeking to recover for attendant care services Provider rendered to the insured, Richard Kalamas, in relation to a motor vehicle accident. *Medical Team*, unpub op at 1. According to Provider, Kalamas had assigned Provider the right to collect the expenses incurred by Provider on Kalamas's behalf, but Auto-Owners had refused to pay the charges. *Id*. As Provider acknowledged in filing its complaint, a separate civil action arising out of the same transaction or occurrence was simultaneously pending in the Wayne Circuit Court involving Kalamas's individual claims against Auto-Owners. *Id*. at 2.

In the Wayne Circuit Court lawsuit, the court entered a stipulated order on November 20, 2017, indicating that Kalamas's claims for bills relating to services provided by Provider were dismissed without prejudice. *Id*. On April 18, 2018, the Wayne Circuit Court granted summary disposition in favor of Auto-Owners and dismissed Kalamas's complaint against Auto-Owners with prejudice on the ground that Kalamas made fraudulent statements related to the accident, which triggered a fraud-exclusion clause in the policy and barred all claims for PIP benefits. *Id*.

Subsequently, on June 4, 2018, Auto-Owners moved in the Washtenaw Circuit Court for summary disposition in the instant action against Provider. *Id*. As relevant to the resolution of this appeal, Auto-Owners argued that Providers claims were barred by res judicata because they were entirely dependent on Kalamas's underlying claim for benefits against Auto-Owners and the Wayne Circuit Court had determined that Kalamas's claim was barred. *Id*. at 2-3. The Washtenaw Circuit Court denied Auto-Owners' motion for summary disposition. *Id*. at 3-4. In doing so, the trial court reasoned as follows:

> "[Provider] had a right to pursue benefits that had been assigned to it. I understand that a Wayne County Judge made a determination with prejudice as to Mr. Kalamas' right to recover and determined, based on an unopposed motion for summary disposition, that Mr. Kalamas had committed fraud. [Provider] disputes that Mr. Kalamas committed fraud in any event, but even if he did commit fraud, [Provider] was not a party to that action and can't be bound by the result in that case. There's not an identity of parties or interests and I would deny the motion for summary disposition." [*Id*. at 4.]

The trial court denied Auto-Owners' subsequent motions to amend its affirmative defenses and for reconsideration. The trial court entered a stipulated order for dismissal and consent judgment, and this appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo both the trial court's ruling on a motion for summary disposition and questions regarding the application of the doctrines of res judicata and collateral estoppel. *King v Munro*, 329 Mich App 594, 598-599; 944 NW2d 198 (2019).

Summary disposition may be granted under MCR 2.116(C)(7) on the basis of res judicata or collateral estoppel. *Id*. at 598. When deciding a motion under MCR 2.116(C)(7), a "court should examine all documentary evidence submitted by the parties, accept all well-pleaded

allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *Id*. at 599 (quotation marks and citation omitted).

> A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial. A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013) (quotation marks and citations omitted).]

## III. ANALYSIS

On remand, this Court must reconsider whether Providers claims are barred by res judicata in light of our Supreme Court's recent decision in *Mecosta*.

"Res judicata bars a second action on the same claim if (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Mecosta*, ___ Mich at ___; slip op at 5-6.

In *Mecosta*, Jacob Myers was injured in an automobile accident, and he assigned to the plaintiff medical providers who treated him his right to seek PIP benefits in the amount of his treatment bills. *Id*. at ___; slip op at 2-3. Myers subsequently sued the defendant insurance companies in the Wayne Circuit Court to collect PIP benefits related to other costs from the accident. *Id*. The plaintiff medical providers were not parties to the Wayne Circuit Court action. *Id*. While that lawsuit was still pending, the plaintiff medical providers sued the same defendant insurance companies in the Kent Circuit Court to recover on the claim assigned to the plaintiff medical providers by Myers. *Id*. at ___; slip op at 3-4.

The Wayne Circuit Court granted summary disposition in favor of the defendant insurance companies and dismissed Myers's PIP claim with prejudice, holding that Myers was not entitled to any benefits because he had not properly insured the vehicle. *Id*. After that judgment was entered, the Kent Circuit Court granted summary disposition in favor of the defendant insurance companies on the ground that the plaintiff medical providers' claims were barred by res judicata and collateral estoppel as a result of the Wayne Circuit Court decision that Myers was ineligible for PIP benefits. *Id*. at ___; slip op at 4.

In addressing the question whether the plaintiff medical providers' action in the Kent Circuit Court for PIP benefits based on the assignment from Myers was precluded under the doctrines of res judicata or collateral estoppel by the Wayne Circuit Court judgment against Myers, our Supreme Court concluded that resolution of the appeal hinged on whether the plaintiff medical providers were "privies of Myers with respect to the judgment that was entered against him after

the assignment."[1] *Id*. at ___, ___, ___; slip op at 3, 5, 6-7. Noting that to "be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert," the Supreme Court acknowledged that "[g]enerally, a relationship based on an assignment of rights is deemed to be one of privity." *Id*. at ___; slip op at 7 (quotation marks and citation omitted). However, the Court clarified that "the mere succession of rights to the same property or interest does not, by itself, give rise to privity with regard to subsequent actions by and against the assignor," and the "binding effect of [an] adjudication flows from the fact that when the successor acquires an interest in the right it is then affected by the adjudication in the hands of the former owner." *Id*. at ___; slip op at 8 (quotation marks and citation omitted).

Our Supreme Court concluded that "a judgment entered after the assignment does not bind the assignee because the assignee is not in privity with the assignor with respect to that judgment." *Id*. Accordingly, the Court held that the plaintiff medical providers were not bound by the judgment against Myers because the plaintiff medical providers "were not in privity with Myers with respect to the judgment that was rendered against him after he had assigned the present PIP claim to plaintiffs." *Id*. at ___; slip op at 13.

Here, Provider alleged in its complaint that Kalamas assigned Provider the right to collect the expenses incurred by Provider on Kalamas's behalf. Thereafter, Kalamas's separate action for PIP benefits was dismissed with prejudice by the Wayne Circuit Court on the ground that Kalamas's claims for PIP benefits were barred under the fraud-exclusion clause in the insurance policy. The parties in the case before this Court do not dispute on appeal that the Wayne Circuit Court judgment dismissing Kalamas's separate action was issued after the alleged assignments on which Provider relied in bringing the instant action. Because Provider was not a party to Kalamas's Wayne Circuit Court action, the doctrine of res judicata could not apply to bar Provider's separate Washtenaw Circuit Court action unless Provider was in privity with Kalamas. *Id*. at ___; slip op at 5-7. Under *Mecosta*, Provider was not in privity with Kalamas with respect to the Wayne Circuit Court judgment because that judgment was entered after the alleged assignment from Kalamas on which Provider's Washtenaw Circuit Court action was based. *Id*. at ___; slip op at 3, 8, 13. Because of the lack of privity between Provider and Kalamas, Provider cannot be bound by the Wayne Circuit Court judgment under the doctrine of res judicata. *Id*. at ___, ___, ___; at 3, 5-8, 13. Provider also cannot be bound by that judgment under the doctrine of collateral estoppel for the same reason. *Id*. at ___; slip op at 3, 6-8, 13.[2] The trial court, therefore, did not err by denying Auto-Owners' motion for summary disposition.

---

[1] It was undisputed that the plaintiff medical providers were not parties to Myers's separate action. *Mecosta*, ___ Mich at ___; slip op at 6.

[2] "The elements of collateral estoppel are . . . (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment, (2) the parties or privies must have had a full [and fair] opportunity to litigate the issue, and (3) there must be mutuality of estoppel." *Mecosta*, ___ Mich at ___; slip op at 6 (alteration in original; quotation marks and citations omitted). "[B]oth res judicata and collateral estoppel apply only when the parties in the subsequent action were parties or privies of parties to the original action." *Id*.

In its brief on appeal, Auto-Owners makes several additional arguments. First, it argues that Provider's opposition in the trial court to Auto-Owners' motion for summary disposition essentially amounted to an impermissible collateral attack on the propriety of the Wayne Circuit Court's order and that Provider does not have standing to collaterally attack the Wayne Circuit Court's order. Next, Auto-Owners argues that the "trial court also erred in holding that (1) the doctrine of collateral estoppel and/or res judicata is 'unfair' to The Medical Team where The Medical Team was not involved in Mr. Kalamas' fraudulent conduct, (2) Wayne County Circuit Court did not have jurisdiction and/or standing to dismiss Mr. Kalamas' claim where Mr. Kalamas died and a personal representative had not yet been appointed at the time summary disposition was granted in the Wayne County action, and (3) Auto-Owners did not properly plead collateral estoppel and/or res judicata as an affirmative defense."

Auto-Owners' arguments seemingly imply that the trial court erred by denying its motion for summary disposition because it did not properly apply the relevant legal framework for the doctrines of res judicata and collateral estoppel, and instead focused on the propriety of the Wayne Circuit Court judgment, as had Provider. Even if we accept Auto-Owners' contentions in these respects as true, the trial court in the instant case nonetheless reached the correct result by denying Auto-Owners' motion for summary disposition. As we have already explained, Provider's action was not barred by res judicata or collateral estoppel. "This Court will not reverse a trial court's order of summary disposition when the right result was reached for the wrong reason." *Forest Hills Coop v Ann Arbor*, 305 Mich App 572, 615; 854 NW2d 172 (2014). Moreover, assuming without deciding that Auto-Owners is correct in stating that the Wayne Circuit Court did not err, that conclusion would be irrelevant to resolving the issues before us because Provider's separate action currently before this Court is not barred under the doctrines of res judicata or collateral estoppel by the Wayne Circuit Court judgment.[3]

Next, because the doctrines of res judicata and collateral estoppel did not apply in this case, any amendment of Auto-Owners' pleadings related to stating these affirmative defenses would be futile, and the trial court therefore properly denied leave to amend. See *Wolfenbarger v Wright*, 336 Mich App 1, 21; 969 NW2d 518 (2012) (stating that "a motion to amend may be denied if the amendment would be futile" and that "[a]n amendment is futile if, among other things, it is legally insufficient on its face").

Finally, to the extent the parties disagree about how our Supreme Court's decision in *Bazzi v Sentinel Ins Co*, 502 Mich 390; 919 NW2d 20 (2018), should apply in this case, these issues were not part of the trial court's decision in this case and thus are unpreserved. *Forest Hills Coop*, 305 Mich App at 615 ("In general, an issue is not preserved for appeal unless it was presented to and decided by the circuit court."). We decline to address these unpreserved issues. See *id*. at 586 (stating that an appellate court "need not address an unpreserved issue").

---

[3] We express no opinion about the propriety of the Wayne Circuit Court judgment because that matter is not currently before us.

Affirmed.  No costs are awarded.  MCR 7.219.

/s/ Stephen L. Borrello
/s/ Kathleen Jansen
/s/ Brock A. Swartzle