*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMERICAN MORTGAGE FUND I, LLC,

Plaintiff/Counterdefendant-Appellee,

v

SHALLOW CREEK ENTERPRISES, INC., and
MARCIA OTTOMAN,

Defendants-Appellants,

and

ROGER OTTOMAN,

Defendant/Counterplaintiff/Cross-
Plaintiff-Appellant,

and

LENDTUIT, LLC, and TRANSNATION TITLE
AGENCY OF MICHIGAN GRAND RAPIDS
DIVISION, LLC,

Cross-Defendants.

UNPUBLISHED
April 13, 2023

No. 359337
Washtenaw Circuit Court
LC No. 20-000215-CH

Before: GADOLA, P.J., and PATEL and MALDONADO, JJ.

PER CURIAM.

In this mortgage dispute action, defendants Shallow Creek Enterprises, Inc., Roger Ottoman, and Marcia Ottoman appeal as of right the trial court's judgment granting in part and denying in part the parties' cross-motions for summary disposition under MCR 2.116(C)(10), and quieting title to the property in favor of Shallow Creek, subject to a first mortgage in favor of plaintiff American Mortgage Fund I, LLC. We find that the trial court erred by quieting title to the subject property in favor of Shallow Creek absent any evidence that Roger conveyed title of

the property to Shallow Creek. But the circumstances justify the imposition of an equitable mortgage on the property as security for the $350,000 loan to Shallow Creek. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The subject property is a 100-acre farm located in Chelsea, Michigan. Roger is the sole owner of the property, which he inherited from his parents. The property is used by Shallow Creek for farming operations. Roger is the president of Shallow Creek, and Marcia is vice president and treasurer. According to Marcia, she and Roger are the sole members and officers of Shallow Creek.

On July 12, 2018, Shallow Creek obtained a $350,000 loan from Lenduit, LLC to expand its farming operations. Roger, in his capacity as president of Shallow Creek, and Marcia, in her capacity as vice president, signed a promissory note to repay the loan. The promissory note was secured by a mortgage on the subject property. The mortgage was executed by Roger and Marcia on behalf of Shallow Creek as the mortgagor. The mortgage was recorded with the register of deeds on July 25, 2018. Roger and Marcia also signed a personal guaranty for the loan. The mortgage was later assigned to American Mortgage.

When American Mortgage was preparing to foreclose on the mortgage, American Mortgage became aware that title to the subject property was actually held by Roger, not Shallow Creek. American Mortgage brought this action against defendants to quiet title to the subject property, claiming that "[a]ll relevant parties intended for Shallow Creek to own the [subject property] subject to the [m]ortgage." American Mortgage requested a declaratory judgment that Shallow Creek owned the property, subject to a first-lien mortgage held by American Mortgage, or in the alternative, the imposition of an equitable mortgage against the property. The parties filed cross-motions for summary disposition under MCR 2.116(C)(10), which the trial court granted in part and denied in part. Relevant to this appeal, the trial court quieted title to the property in favor of Shallow Creek, subject to a valid first-lien mortgage on the property held by American Mortgage. This appealed followed.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Woodring v Phoenix Ins Co,* 325 Mich App 108, 113; 923 NW2d 607 (2018). We consider all evidence submitted by the parties in the light most favorable to the non-moving party. *El-Khalil*, 504 Mich at 160. Summary disposition under MCR 2.116(C)(10) is only appropriate when there is no genuine issue of material fact. *Id.* "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013).

The trial court's decision whether to grant equitable relief, such as the remedy of reformation, is reviewed de novo. *Johnson v USA Underwriters*, 328 Mich App 223, 233-234;

-2-

936 NW2d 834 (2019). To the extent that defendants allege a violation of their due-process rights, and an unlawful taking of property without compensation, this Court reviews constitutional issues de novo. *Slis v Michigan*, 332 Mich App 312, 335; 956 NW2d 569 (2020); see also *Souden v Souden*, 303 Mich App 406, 412-413; 844 NW2d 151 (2013) (this Court reviews de novo "whether a party has been afforded due process of law").

## III. TITLE TO THE WATERLOO PROPERTY

Defendants first argue that the trial court erred by quieting title to the property in favor of Shallow Creek. We agree.

The trial court stated that it was quieting title in favor of Shallow Creek for the reasons set forth in American Mortgage's motion for summary disposition. In its motion, American Mortgage Fund claimed that title to the property should be quieted in favor of Shallow Creek because the mortgage, the guaranty, and the promissory note all reflected the parties' intention for Roger to convey title to the subject property to Shallow Creek. We disagree.

It is undisputed that Shallow Creek obtained a loan for $350,000, and that Roger and Marcia, as officers of Shallow Creek, executed a promissory note promising to repay the loan. Paragraph 12 of the note provides that it "is secured by, among other things, that certain Mortgage, Assignment of Leases and Rents, Fixture Filing, and Security Agreement . . . of even date herewith made by Borrower, as trustor, for the benefit of Lender, as beneficiary." On that same date, Roger and Marcia, as officers of Shallow Creek, also executed a document labeled "Mortgage," naming Shallow Creek as the mortgagor and describing the "Mortgaged Property" as

> The Land, Improvements, Fixtures, Personalty, Leases, and Rents that is described as follows:
>
> SEE EXHIBIT "A," ATTACHED HERETO AND MADE A PART HEREOF,
>
> commonly known as             12745 Waterloo Road, Chelsea, Michigan 48118,
>                               APN: 81-D-04-32-100-004

The attached "Exhibit A" contained the legal description for the property at 12745 Waterloo Road.

In its motion, American Mortgage argued that Paragraph 19 of the mortgage specifically contemplates that Shallow Creek owned the property at the time the mortgage was granted. Section 19 of the mortgage provides, in pertinent part:

> **19**.     **Events of Default**:  The term Event of Default as used in this Security Instrument means the occurrence or happening, at any time and from time to time, of any one or more of the following:
>
> *   *   *
>
> **19.8    Title and Lien Priority**:  If Borrower's title to any or all of the Mortgaged Property or the status of this Security Instrument as a first position lien and security interest on the Mortgaged Property is endangered in any manner, and

Borrower fails to cure the same on Lender's demand; provided, however, that Borrower shall not be in default under this section if Borrower is diligently pursuing a contest or cure of such title or lien issue and Borrower has posted adequate security to protect Lender's rights, interest, and priority under this Security Instrument, as determined by Lender.

Although this provision reflects an understanding that the borrower, Shallow Creek, holds title to the subject property, it does not itself create a property interest in the subject property. Furthermore, there is no evidence of any conveyance of the subject property from Roger, the owner of record, to Shallow Creek. Notably, American Mortgage did not bring any claim for fraud or misrepresentation, alleging that any of the defendants misrepresented the ownership of the property.

American Mortgage also argued in its motion that Paragraph 12 of the promissory note stated that it was secured by the mortgage "made by" Shallow Creek:

**12.** **Secured by Security Instrument**. This Note is secured by, among other things, that certain Mortgage, Assignment of Leases and Rents, Fixture Filing, and Security Agreement (the "Security Instrument") of even date herewith made by Borrower, as trustor, for the benefit of Lender, as beneficiary.

Although this document states that the mortgage was "made by" the borrower, Shallow Creek, that statement itself does not create a property interest in the subject property or represent that Roger conveyed title to the property to Shallow Creek.

We acknowledge that Roger and Marcia also personally guaranteed repayment of the loan. The guaranty provides, in pertinent part:

**1. Guaranty**

**1.1 Guaranty of Obligations**. Guarantor guarantees to Lender, its successors, and assigns the full and faithful payment of all amounts owed and performance of each and every one of the obligations, responsibilities, and undertakings to be carried out, performed, or observed by Borrower under the Note, the Security Agreement, any other agreement that now or later secure repayment of the Note, any other agreement that Guarantor now or later states is guaranteed, and any other agreement that Guarantor or Borrow signs in connection with the loan obtained by Borrower. All these documents are collectively referred to as the "Loan Documents." The obligations guaranteed are referred to as the "Guaranteed Obligations."

The guaranty also imposes certain requirements on Roger and Marcia to provide certain documents as required by American Mortgage, from time to time, as reasonably requested, stating:

**29**. **Further Assurances** Guarantor shall promptly and duly execute and deliver to Lender such further documents and assurances and take sure further action as Lender may from time to time reasonably request, including, without

limitation, any amendments, to this Guaranty to establish and protect the rights, interests, and remedies created or intended to be created in favor of Lender.

While these provisions *do* reflect that Roger and Marcia have an obligation to honor the terms of the promissory note, they do not represent that Roger conveyed title to the property to Shallow Creek, or guarantee that Shallow Creek holds title to the property.

Viewing the evidence in the light most favorable to the defendants, we conclude that the trial court erred by quieting title in the subject property in favor of Shallow Creek. It is undisputed that Roger is the record titleholder of the subject property and, regardless of the parties' understanding or intentions when entering into the loan transaction, there was never any conveyance of Roger's interest in the property to Shallow Creek. The effect of the trial court's ruling was to transfer title of the property from Roger to Shallow Creek absent a conveyance by Roger to that effect. Accordingly, we vacate the portion of the judgment quieting title in the subject property in favor of Shallow Creek, and direct that the judgment be modified to provide that the property is owned by Roger.

In light of this decision, it is unnecessary to address defendants' additional arguments that the court's ruling quieting title in favor of Shallow Creek effectively reformed nonexistent instruments, violated the statute of frauds, MCL 566.106, violated Roger's procedural and substantive due-process rights, and failed to make findings in compliance with MCR 3.411.

## IV. AMERICAN MORTGAGE'S MORTGAGE INTEREST

Defendants also argue that the trial court erred by ruling that American Mortgage had a valid first-lien mortgage on the subject property. We find that the trial court properly held that American Mortgage had a valid mortgage against the property, but clarify that the mortgage is an equitable one.

"Michigan has long recognized equitable mortgages." *Eastbrook Homes, Inc v Treasury Dep't*, 296 Mich App 336, 351; 820 NW2d 242 (2012). "Generally an equitable mortgage will be imposed if it is shown that there was an intention to place a lien on the real estate or a promise that the real estate would be used as security but for some reason the intended purpose was not accomplished[.]" *Id*. at 352 (cleaned up). Equity will intervene to create an equitable mortgage on the basis of the "ancient, cardinal maxim of equity which regards that as done which was agreed to be done." *Id*. (cleaned up). However, equity will only impose a lien in cases in which the party entitled to the lien has been prevented "by fraud, accident, or mistake from securing that to which he was equitably entitled." *Id*. at 352-353 (cleaned up). Similarly, if a party has an adequate remedy at law, i.e., pursuing monetary damages, the court will not impose an equitable lien. *Id*. at 353. A court will not invoke equity to remedy a party's misunderstanding of the law. *Burkhardt v Bailey*, 260 Mich App 636, 659; 680 NW2d 453 (2004).

Under the facts and circumstances of this case, equity requires that an equitable mortgage be imposed on Roger's property. Indeed, Marcia and Roger both testified that they believed they were signing a "fixture filing," rather than a mortgage. And Roger, the owner of the subject property, stated that he did not intend to obtain the loan if it required a mortgage on his real property. But the document that Roger and Marcia signed is clearly titled a "mortgage." Further,

although Roger and Marcia both executed the documents in their capacities as officers of Shallow Creek, they also executed personal guaranties, reflecting their intent to be personally obligated for Shallow Creek's respective obligations. It is unknown why there was no instrument conveying title of the property to Shallow Creek, as would be necessary to perfect title to secure the mortgage. Nevertheless, the present facts reveal a significant mistake because Roger and Marcia, on behalf of Shallow Creek, obtained a loan for $350,000 pursuant to a transaction in which the documentation reflects the parties' clear intent that the loan would be secured by a mortgage on the subject property. Although the property was owned by Roger, not Shallow Creek, Roger's personal assent to the transaction is manifested by his participation in the transaction and his personal guarantee of Shallow Creek's obligations under the terms of the promissory note. Moreover, Roger and Marcia do not dispute that they received the loan proceeds in a bank account in their own names. These circumstances justify the imposition of an equitable mortgage on the subject property, despite its ownership by Roger, as security for the $350,000 loan to Roger's corporation, Shallow Creek.

## V. CONCLUSION

The trial court erred by quieting title in the subject property in favor of Shallow Creek, but the circumstances support the imposition of an equitable mortgage on the property. Accordingly, we vacate the portion of the judgment quieting title in the subject property in favor of Shallow Creek, and remand this case to the trial court for modification of its judgment to provide that the property is owned by Roger and subject to an equitable first-lien mortgage held by American Mortgage pursuant to the terms of the July 12, 2018 mortgage from Shallow Creek, as recorded with the register of deeds on July 25, 2018.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Sima G. Patel
/s/ Allie Greenleaf Maldonado